## BROWN *v.* BEMISS.

A *fi. fa.* levied on an undivided half of a tract of land cannot be enjoined by the owner of the other half, on the ground of his having a privilege thereon for the price of a levée made on the land under an adjudication by the inspector of roads and levées, nor on account of a claim for the increased value of the property from useful improvements while plaintiff in injunction was a possessor of the land in good faith. If entitled to a privilege for the cost of the levée, the party has a right to be paid by preference out of the proceeds of the sale of the property seized; but if he has only a claim for the increased value of the property resulting from useful improvements, a separate appraisement of the land and improvements should be made after the sale; and the sezing creditor will be entitled to receive the value which the land bears to the product of the sale, and the plaintiff in injunction the value of the improvements estimated in relation to the same product; the rents of the property since the notice of seizure, to be added to the share of the seizing creditor, and deducted from the plaintiff's.

APPEAL from the District Court of Madison, *Selby*, J. *Thomas*, for the appellant. *Amonett* and *Steele*, for the defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff, being joint owner with one *Rufus Stone*, of certain lands fronting on the Mississippi river, enjoined the seizure under execution of the undivided half belonging to *Stone*, on the following grounds: 1st. That under an adjudication made to him, in due form of law, by the inspector of roads and levées, he had erected a levée in front of the whole land, and was entitled to a mortgage and privilege upon the undivided half of *Stone*, for one-half of the price of adjudication. 2d. That he had previously purchased the interest of *Stone*, at a sheriff's sale, which was subsequently set aside on the proceedings had on the monition. 3d. That, between the sale and the decree setting it aside, he was a possessor in good faith, and made upon the land useful and valuable improvements, for which he is entitled to be compensated. 4th. That it

BROWN
v.
BEMISS.

is necessary for the preservation of his rights, that the levée and improvements made by him be appraised separately, and that he is entitled to be paid the amount of that appraisement, before the seizing creditor proceeds to sell the land.

The defendants took a rule to show cause why the injunction should not be dissolved, on the ground that the plaintiff has not made out a proper case for such a remedy; that he has not shown the existence of a privilege; and that, if the privilege exists, it is no cause for an injunction. The court below dissolved the injunction with five per cent interest on the amount of the judgment enjoined, and the plaintiff appealed.

The court did not err in dissolving the injunction. The seizing creditor has the right to go on and sell. If the plaintiff is entititled to a privilege for making the levée, he must be paid by preference out of the proceeds. If he has no privilege, but only a claim for the increased value of the property resulting from useful improvements made by him, his remedy is clearly pointed out in the case of *Lanusse* v. *Lanna*, 6 Mart. N. S. 103. The separate appraisement, for which he contends, is to be made after the sale; and when the respective values of the land and of the improvements are ascertained, he and the seizing creditor are to receive their proportions out of the proceeds; that is to say, the seizing creditor the value which the land bore in relation to the product of the sale, and the plaintiff the value of the improvements considered in the same way; the rents of the property, according to the proportion which each holds in it since the notice of seizure, to be added to the share of the seizing creditor, and deducted from the plaintiff's. For the preservation of the plaintiff's rights it is necessary that the judgment be amended.

It is therefore ordered that the judgment dissolving the injunction be amended, and that the sheriff, on receiving the proceeds of the sale, be directed not to pay them over to the seizing creditor, but bring them into court, to be paid to the plaintiff, or to the seizing creditor, or to both, as the District Court may direct, in conformity with the views expressed in the foregoing opinion. It is further ordered, that the judgment as amended be affirmed, with costs.